Our final case of the day is Castillo-De Molina v. Bondi. Good morning. Let both lawyers find a seat. Mr. Quincheno. Good morning, your honors. May it please the court. William Quinceno on behalf of the petitioners Alba Castillo and her two children. This case arises from procedural and substantive missteps that taken together deprive the petitioners of a fair and meaningful opportunity to present their claims. We respectfully submit that the board's denial of the motion to remand was arbitrary, capricious, and abuse of discretion and contrary to the law. The board failed to apply the correct standard of review when assessing the prejudice resulting from the ineffectiveness... Counsel, let me just go for the straight line here. Your client checked a box saying a brief will follow. And that box is accompanied by a warning saying if you check this box and don't file a brief, we're going to summarily affirm. What's wrong with following through on that very promise? I think we can distinguish our case from Coker and Cortina. I'm not asking about other cases. I'm asking why the board can't follow through on a promise. The appellant makes a promise to file a brief and is told the consequences of not keeping that promise. She doesn't file a brief and the board follows through. Why is that legally forbidden? Well, a pleading was filed. It might not have been a brief. No, a brief. It might not have been a brief. Look, the thing that was checked says I'm going to file a brief. And the rule requires a brief or a statement, right? And, you know, we could have titled the motion brief or we could have titled the motion statement. But the argument, the main focus of the appeal would all have been the same, whether we had called it a brief, whether we had called it a statement, or as we call it, a motion to remand. A brief contains argument. The statement of issues filed before the board indicated the alien's bottom line but didn't have legal argument, which a brief has. Look, we're not going to abolish the distinction between briefs and other documents. So let me repeat my question. Your client checked a box that said I'm going to file a brief, acknowledging that if no brief was filed, that's the end. Why is the board legally forbidden to keep that promise? Because the notice of appeal was sufficient. It disclosed what the error was. Then don't check that box. Understood. You're not dealing with my question. Understood. The main, the heart of this appeal is how an attorney's substandard work throughout the seven-month period was so fundamentally flawed and unfair that it prevented Ms. Castillo from presenting their case. From initially preparing what the immigration judge at the initial hearing called a bare bones application to preparing everything at the 11th hour, the attorney was ineffective in representing the petitioners and the board should have remanded the case before issuing a decision. The BIA, the board, found that this attorney was thorough and complete in their representation of the petitioners. He missed every briefing schedule, every filing deadline, every procedural requirement despite being admonished at the initial hearing by the judge to pay close attention to those deadlines, to timely file those documents. He failed to comply with the simplest of fingerprint and biometric instructions which resulted in the petitioner's claim being dismissed despite, again, at that initial hearing, the judge admonishing about the biometric requirement. And what did he do at the 11th hour? He invented a malarkey of a story that he had sent this request four weeks ago and that there was this USCIS backlog regarding the biometrics. But what we learned from his ARDC response, he disclosed his own lie, right? That he had actually submitted it the day before the hearing. He failed to assist the petitioners in preparing a well thought out and organized sworn statement. He failed to meet with the petitioners to prepare for their testimony. In fact, he told the petitioners that her case had been continued when in fact it had not been continued. And at the 11th hour, with less than 48 hours to prepare, he tells her, you have to come to this hearing. He doesn't meet with her. He doesn't prepare her. Had the attorney performed adequately, the record would have been different. Asylum cases are complex. And the most important part of any asylum case is an individual's sworn statement. That's where you get the heart of the claim. And what does he do? He sends her a guideline. She responds and he submits what basically a pro se litigant would submit in a case. Why have an attorney? Why pay $8,500 to put a statement that you haven't reviewed with your client, that you haven't asked follow up questions? There's more information there. It's basic lawyering 101. You ask, you draw out the facts of the case that are going to support your claim. He did none of that. And as a result, her case was denied. And initially, the immigration judge denied the case for the simplest of procedures that he missed. I'll reserve my time. Thank you. Thank you, counsel. Ms. Flack. May it please the court. Petitioners raise two challenges. They challenge both the board's summary dismissal of their appeal as well as the denial of the motion to remand. I'm sorry. Do we have jurisdiction on the second point, the motion to remand? Yes, your honor, you do. Is that a discretionary decision? It's a discretionary decision, but it's a discretionary decision that's not made discretionary by the statute. So under the case name escapes me, Supreme Court case, in order for that jurisdictional stripping provision to apply, the matter needs to be made discretionary by the statute itself, not by regulations or by board case law. On the first question, the summary dismissal, what do you say our standard of review is? I would say this court hasn't reached it yet, but I would say that it's abuse of discretion given the pervasive nature of the regulations that are being applied to summarily dismiss in this case. So there's not a particular authority that you're going to cite or you're just indicating that's where you believe our standard should rest? Well, this court in both Cocar and Cortina Chavez declined to address what the standard of review is, finding that it was so clear that the failure to file the brief that was promised is sufficient basis that it didn't require addressing the standard of view in that situation. I would argue the same is true here, but to the extent that the court wants to know the government's position on what standard review is, I would say it's abuse of discretion given the permissive nature of the statute. Thank you. You have two challenges here, but both of them have one thing in common. There's really just nothing behind the curtain. There's no there there. A petitioner argues about the ineffectiveness of prior counsel, yet nowhere in the motion to remand and nowhere in their brief do they say what would have been different if you had a more competent attorney? What evidence would have been offered? What would actually concretely be different? They just list categories of things that would be different. And most of what we heard from petitioner's counsel at the opening argument was related to the biometrics requirement. But the biometrics requirement and the failures of counsel to supply that in a timely basis isn't really material because the immigration judge made an alternative decision on the merits itself. And the immigration judge went through the entire case and on several different criteria found that petitioners were not eligible for the relief and protection that they sought. And there's nothing in the motion to remand or their brief that tells you what would have been different. And so it doesn't really get out of the gate for purposes of being a motion to remand, which in this nature would be a motion to reopen, because we've got nothing new here for the board to say that something possibly could even be different if the case were sent back to the immigration judge. So we don't really even need to address the standard for ineffective assistance at counsel in this case because we don't get out the gate of what's required for a motion to remand itself. The same is true with regard to the argument that the notice of appeal stated sufficient grounds. All it does, like the motion to remand, is list categories of things that they take issue with, but then they never explain in the statement what the issues are. They never develop an argument. They never assert an argument. In fact, largely what's in the notice of appeal is a mere description of what the immigration judge is, what evidence the immigration judge considered, and what the immigration judge's decision ruling was. It doesn't really tell you. It doesn't take you from that to what was wrong with it. And so for that reason, even if you do address the question of the adequacy of the notice of appeal, there's no there, there, either. But to start with on that question, summary dismissal, under Cocar and Cortina Chavez, it should alone be enough that they check the box, that they were going to file a brief, and they never filed the brief. Petitioner makes the argument that, well, they filed a motion. They filed a motion to remand, but that argument also fails for three primary reasons. First of all, the board separately considered the motion to remand and issued a ruling on the motion to remand. So it's not going to be sufficient that you file a motion to remand on ineffective assistance of counsel, and that somehow is going to preserve the rest of your appeal. Two other reasons that the receipt for the motion to remand explains to petitioners that that is not a substitute for a brief, and that you still have to meet the obligations of a briefing schedule if one has issued as has. In this case, and then we look at the motion itself, and they did not treat their motion to remand as if it were a brief. It's not, it doesn't say in lieu of a brief. It doesn't say and brief. It doesn't address that at all. And if the court has no further questions, I will return the remainder of my time. With that said, we ask that you affirm the decision of the Board of Immigration Appeals, just summarily denying the appeal and- Yes, thank you, counsel. Thank you. Anything further? Just briefly. Yes, the immigration judge in the alternative reviewed the asylum claim. But initially, she had already dismissed the case. And so I think it ends right there. And we ask that you sustain our appeal. Thank you very much, counsel. The case is taken under advisement and the court will be in recess.